[No. B007354. Second Dist., Div. Two. May 21, 1985.]

HOOVER COMMUNITY HOTEL DEVELOPMENT CORPORATION,
Plaintiff and Appellant, v.
MICHAEL THOMSON et al., Defendants and Respondents.

## COUNSEL

Howard C. Alphson for Plaintiff and Appellant.

Simon, Buckner & Migdal and Scott Simon for Defendants and Respondents.

## OPINION

**ROTH, P. J.**—In December of 1982, respondents Michael Thomson, S. Joseph Spence, Bruce Gelker and L. Wayne Gertmenian filed motions for summary judgment in the underlying action herein. Those motions were heard on February 3, 1983, and a final judgment granting the relief requested was made and entered on the following March 4. One week later, i.e., on March 11, 1983, appellant Hoover Community Hotel Development Corporation filed its notice of appeal from the judgment.[1]

On March 25, 1983, respondents filed their memorandum of costs and disbursements, wherein, together with certain customary costs to the extent of some $810, they claimed the sum of $38,370 as attorney's fees pursuant

---

[1]The judgment was affirmed by Division Seven of this court in its opinion filed May 8, 1985. (*Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 167 Cal.App.3d 1130 [213 Cal.Rptr. 750].)

to the terms of a contract involved in the suit. Appellant moved to strike the memorandum but, after hearing, that motion was denied and respondents were awarded their disbursements, as well as the attorney's fees, which were recoverable as costs under Civil Code section 1717.[2] A further appeal (see fn. 1) was then taken from this determination. We affirm.

    What is first maintained here is that the trial court, owing to the fact of the appeal from the summary judgment, was divested of jurisdiction so as to be without power to act upon the request for costs, pursuant to Code of Civil Procedure section 916 which specifies in pertinent part that: "(a) . . . the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

We are satisfied, however, that the matter of costs, though embraced in the action, was not affected by the summary judgment as contemplated by the statute, but was instead incidental to the merits of the cause being tested on the initial appeal, in such fashion as to allow the trial court to make its award as a permissible, if arguably premature, disposition of an ancillary issue. (See *Hennessy* v. *Superior Court* (1924) 194 Cal. 368, 372 [228 P. 862]; *In re Marriage of Sherman* (1984) 162 Cal.App.3d 1132, 1140 [208 Cal.Rptr. 832]. Cf. *Estate of Jamison* (1953) 41 Cal.2d 1, 14 [256 P.2d 984]; *Estate of Neilson* (1960) 181 Cal.App.2d 769, 772 [5 Cal.Rptr. 542, 90 A.L.R.2d 477].)

    We are also satisfied reversal of the order awarding costs is not warranted by virtue of appellant's additional claim of error, to wit, that the request therefor was not timely filed in terms of the requirements of Code of Civil Procedure section 1033,[3] since we deem it settled that the time

---

[2]"(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

" . . . . . . . . . . . . . . . . . . . . . .

"Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit. . . ."

[3]"In superior courts, municipal courts and in justice courts the party in whose favor the judgment is ordered or the dismissal is granted, and who claims his or her costs, must serve upon the adverse party and file at any time after the verdict or decision of the court, and not later than 10 days after notice of the entry of the judgment or the dismissal, a memorandum of the items of his or her costs and necessary disbursements in the action or proceeding . . . ."

limitation set out in that section is likewise not jurisdictional in character and that a trial court has broad discretion in allowing relief from a late filing where, as here, there is an absence of a showing of prejudice to the opposing party.[4] (See *Pollard* v. *Saxe & Yolles Dev. Co.* (1974) 12 Cal.3d 374, 380-381 [115 Cal.Rptr. 648, 525 P.2d 88]; *Reese* v. *Borghi* (1963) 216 Cal.App.2d 324, 333-334 [30 Cal.Rptr. 868]; *Le Deit* v. *Ehlert* (1962) 205 Cal.App.2d 154, 169-170 [22 Cal.Rptr. 747].)

The order appealed from is affirmed. Costs on appeal, including reasonable attorney's fees, to respondents.

Compton, J., and Beach, J., concurred.

---

[4]Appellant's suggestion such a showing may consist of the fact an appeal was taken from the order is untenable, the prejudice referred to being that, if any, occasioned by a change of position or disadvantage incurred prior to the trial court's action and which is caused by the delay in seeking costs.