[No. A023852. First Dist., Div. Two. Mar. 3, 1988.]

CALIFORNIA RECREATION INDUSTRIES et al., Plaintiffs and Respondents, v.
GLENN E. KIERSTEAD et al., Defendants and Appellants.

**COUNSEL**

Jeffrey G. Hansen and Thiessen, Gagen & McCoy for Defendants and Appellants.

Bruce R. MacLeod and Farella, Braun & Martel for Plaintiffs and Respondents.

**OPINION**

**ROUSE, J.**—Glenn E. Kierstead, Joyce Anna Hayward and Richard Mendell appeal from a judgment in favor of plaintiffs California Recreation Industries, Hal Mooz and Ron Dumas, awarding damages and attorney's fees in an action for breach of contract. Plaintiffs cross-appealed, contend-

ing that the award of attorney's fees was inadequate. Both parties, however, have abandoned any claim of error regarding the amount of fees awarded.[1] The only remaining issue on appeal is whether the attorney's fees award must be reversed because plaintiffs sought attorney's fees, pursuant to Civil Code section 1717, in a memorandum of costs rather than by a noticed motion.

Since defendants have challenged neither the trial court's decision on the merits, nor reasonableness of the fees awarded, we confine our discussion of the facts to the procedure which plaintiffs followed in obtaining the attorney's fees award.

On May 12, 1983, after a four-day trial to the court, the judge issued his memorandum of decision finding in plaintiff's favor and awarding damages, "together with attorney's fees . . . ." Judgment was entered on June 14, 1983. On June 24, 1983, plaintiffs filed a memorandum of costs seeking attorney's fees and expenses in the amount of $49,011.22. Plaintiffs subsequently amended the memorandum of costs to include expert witness fees in the amount of $6,875 because that amount had been inadvertently omitted from the original cost bill.

Defendants filed their motion to tax costs on July 8, 1983, challenging plaintiffs' claim for attorney's fees. They opposed the amount claimed as unreasonable, and submitted a declaration stating that defendants' counsel had billed only $20,276 through the end of trial.

On July 22, 1983, plaintiffs hand-served defendants' counsel with a memorandum of points and authorities and three declarations in support of their memorandum of costs. The declaration of plaintiffs' counsel included an exhibit setting forth a detailed billing history from the inception of the case through May 26, 1983. Five days later, on July 27, 1983, defendants filed points and authorities in opposition and submitted a declaration by their attorney.

On July 28, 1983, a hearing was held before the judge who had rendered the judgment on the merits. Defendants were represented by counsel at that hearing. Following the hearing, the award of attorney's fees and costs was reduced from the $55,865.63 claimed by plaintiffs to $27,661.60. That amount was incorporated into the judgment which was not entered until

---

[1] Plaintiffs state that their cross-appeal was filed in anticipation of a challenge by defendants to the reasonableness of the amount of fees awarded. They correctly note that the defendants abandoned any such argument by failing to raise it in their opening brief. (Cal. Rules of Court, rule 13.) In light of this development, plaintiffs have abandoned their cross-appeal.

October 3, 1983. ██ ██ ██ ██ Defendants filed their notice of appeal on August 11, 1983.[2]

The dispute in this case centers on the interpretation of a 1981 amendment to Civil Code section 1717. (Stats. 1981, ch. 888, § 1, p. 3399.) Section 1717 provides for the award of attorney's fees pursuant to a contract provision. The amendment added the following clause: "Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit."

██ Defendants contend that the 1981 amendment requires that attorney's fees be awarded only pursuant to a noticed motion filed by the party seeking the award. They assert that the award of attorney's fees in this case must be reversed because plaintiffs, instead, sought attorney's fees in a memorandum of costs. We conclude that the dispute concerning the correct interpretation of the 1981 amendment to section 1717 is largely academic, because, in this case, the procedure followed by plaintiffs did not prejudice defendants.

Prior to the adoption of the 1981 amendment, it was an accepted practice to initiate a claim for attorney's fees in a memorandum of costs. The opposing party could then file a motion to tax costs and a hearing would be held to determine fees and costs. If no motion to tax costs was filed, the court would determine the amount of fees ex parte. (See, e.g., *Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal. App.3d 227, 229-232 [136 Cal.Rptr. 549].) However, there was some division of authority over whether attorney's fees were recoverable as an item of costs or as damages which must be alleged and proved prior to judgment. (*Id.,* at p. 232, fn. 3; *Clark Equipment Co.* v. *Mastelotto Inc.* (1978) 87 Cal.App.3d 88, 99 [150 Cal.Rptr. 797] [holding that fees may either be recovered as costs or as an element of damages].)

The addition, by the 1981 amendment, of the unambiguous phrase that fees "shall be an element of the costs of suit . . ." confirmed that attorney's fees were to be recovered as an item of costs. However, confusion persisted regarding the effect of the clause "upon notice and motion by a party . . . ." One reasonable interpretation is that the Legislature was merely

---

[2] Defendants filed their notice of appeal prior to entry of the amended judgment and prior to the filing of the order awarding attorney's fees. However, the court announced its intended decision on the motion to tax costs at the conclusion of the hearing on July 28, 1983. Under these circumstances, the notice of appeal is deemed to have been filed immediately after entry of judgment. (Cal. Rules of Court, rule 2(c).)

restating the usual procedure of opposing cost bills by moving to tax costs and endorsing this same procedure for determining the amount of attorney's fees awards. This interpretation found support in the fact that the amendment stated only that the notice of motion shall be by "a party," rather than specifically requiring that the motion be brought by the party seeking attorney's fees. Another plausible interpretation, however, is that the Legislature intended to require that the party seeking attorney's fees file a separate noticed motion. Defendants urge that we adopt the latter interpretation.

The parties agree that, at the time that plaintiffs filed their cost bill in this case, there were no appellate decisions interpreting the 1981 amendment. They also agree that the only existing authority consisted of two Continuing Education of the Bar (CEB) publications, which offered contradictory advice. CEB's publication, California Attorney's Fees Award Practice (Cont.Ed.Bar 1982), stated: "The advantage of claiming fees as costs is that an award of fees may be recovered by merely including a claim for fees in a memorandum of costs. [¶] The 1981 amendments to CC § 1717 eliminate the matter of choice. They provide that reasonable attorney's fees are an element of the costs of suit. Therefore, a cost bill procedure is applicable." (*Id.,* § 1.3, p. 4.) In a subsequent chapter, the same publication states: "The reference in CC § 1717 to applying for fees 'upon notice and motion by a party' creates some uncertainty as to the procedure to follow in seeking fees. . . . It appears, at least for the present, that courts are treating the amended language of CC § 1717 as requiring no more than the usual cost bill procedure. After judgment the usual cost bill procedure should be followed." (*Id.,* § 7.6, p. 85.) However, the CEB materials for a course entitled Motions During and After Trial, offered in March/April 1983, stated: "Because CC § 1717 states that fees awarded will constitute part of the costs billed, the motion must be brought before a statement of costs is filed. No requirements as to the form and service of the motion have been specified. Presumably CCP § 1005, containing general rules for motions, will apply." (Motions During and After Trial (Cont.Ed.Bar 1983) § XL, p. 116.)

We are unable to find, and the parties do not cite to, any appellate decision since the 1981 amendment definitively holding that the correct procedure under that amendment is to file a separate noticed motion.[3]

---

[3] We note that numerous decisions have approved the cost bill procedure in dicta (see, e.g., *Chamberlin* v. *Dale's R.V. Rentals, Inc.* (1986) 188 Cal.App.3d 356, 362 [232 Cal.Rptr. 785] [case presented question whether an undertaking pursuant to Code Civ. Proc., § 917.1 must include an amount to secure an award of attorney's fees, court, in dicta, stated that the 1981 amendment "provides a procedure permitting the prevailing party to recover an attorney fee award by merely including a fee claim in a cost memorandum"]; *Lange* v. *Fisher* (1983) 146 Cal.App.3d 113, 115 fn. 1 [194 Cal.Rptr. 517] [case presented question whether a cost bill filed prior to entry of judgment must be stricken as premature, court stated in a footnote that

However, the decision in *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088], strongly suggests that the Supreme Court interpreted the 1981 amendment to require that the party seeking attorney's fees file a noticed motion. In *Christensen,* the court reversed that part of the judgment denying defendants' claim for attorney's fees which the defendants had claimed in a memorandum of costs. As a preliminary matter the court noted: "Although defendants did not technically comply with Civil Code section 1717's requirement of notice and motion for attorney's fees, this was apparently not the ground for the trial judge's refusal to grant attorney's fees. We note that the amended version of section 1717—and the requirement of notice and motion—did not come into effect until 10 days prior to the trial court's judgment, and after all procedural steps in the case were completed. Moreover, although defendants did not comply with the 'notice and motion' requirement, they did submit the issue to the court for decision, in the form of a memorandum of costs and disbursements, declaration in support of attorney's fees, and points and authorities in support thereof. Under these circumstances, the spirit, if not the letter, of the amended statute was complied with." (*Id.,* at p. 786.) The court concluded that it was an abuse of discretion to deny fees altogether, and ordered that, on remand, defendants should be permitted to file a *motion* for attorney's fees at trial and on appeal. (*Id.,* at p. 787.) The clear implication is that the court interpreted the 1981 amendment to require the party seeking attorney's fees to file a noticed motion.

The conclusion that attorney's fees must now be sought pursuant to a noticed motion procedure is further reinforced by the adoption of California Rules of Court, rule 870.2, effective January 1, 1987. Rule 870.2 states: "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed. If only attorney fees are claimed as costs, the notice of motion shall be served and filed within the time specified in rule 870(a)(1)." The rule specifically describes the motion as a motion "to *claim* attorney fees" (italics added), thereby undermining plaintiffs' argument that the noticed motion requirement is satisfied as long as the opposing party has the opportunity to file a *motion* to tax costs. Taking the *Christensen* decision and rule 870.2 together, it now appears that

---

attorney's fees may be included in cost bill].) Other decisions have affirmed awards of attorney's fee's recovered via the cost bill method, without commenting on the propriety of the method used. (See, e.g., *Winick Corp.* v. *Safeco Insurance Co.* (1986) 187 Cal.App.3d 1502, 1505 [232 Cal.Rptr. 479]; *North Associates* v. *Bell* (1986) 184 Cal.App.3d 860 [229 Cal.Rptr. 305], 863-864; *Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 168 Cal.App.3d 485, 486-487 [214 Cal.Rptr. 264].) Other decisions appear to embrace either a noticed motion or inclusion of attorneys fees in a cost bill. (*Ganey* v. *Doran* (1987) 191 Cal.App.3d 901, 910 [236 Cal.Rptr. 787]; *De la Cuesta* v. *Superior Court* (1984) 152 Cal.App.3d 945, 949 [200 Cal.Rptr. 1].)

defendants' interpretation of the 1981 amendment, i.e., that the party seeking attorney's fees must file a noticed motion, is the correct one.

While we conclude that defendants' interpretation is correct, they win only a Pyrrhic victory. They devote substantial time to making their point regarding plaintiffs' technical noncompliance with the 1981 amendment, and then assert, with no citation to authority, that this technical error requires that we reverse the award. However, we agree with plaintiffs that *Christensen* also stands for the proposition that failure to file a noticed motion does not deprive the court of jurisdiction to award attorney's fees where the party seeking attorney's fees files and serves a memorandum of costs. Under these circumstances, the "spirit, if not the letter, of the amended statute was complied with." (*Christensen* v. *Dewor Developments, supra,* 33 Cal.3d 778, 786.)

The critical question, then, is whether defendants were prejudiced by the procedure used to award attorney's fees in this case. (See, e.g., *Hoover Community Hotel Development Corp.* v. *Thomson, supra,* 168 Cal.App.3d 485, 487-488 [failure to file a memorandum of costs within the time specified does not deprive the court of jurisdiction, and costs may be awarded where there is no prejudice to the opposing party].) In this case, defendants make no argument that they were in any way prejudiced.

We cannot conceive of a clearer case of a lack of prejudice. Plaintiffs hand delivered to defendants a memorandum of points and authorities and detailed declarations in support of their memorandum of costs six days prior to the hearing at which the fees were to be fixed by the trial court. At that hearing plaintiffs had the burden of proof. (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 624 [134 Cal.Rptr. 602].) Defendants were represented by counsel, and were quite successful in opposing plaintiffs' claim for attorney's fees. As a result of the hearing, plaintiffs' attorney's fees and costs were reduced by the court from the $55,865.63 claimed to an award of only $27,661.60. Under these circumstances defendants clearly suffered no prejudice as a result of the cost bill procedure. In effect, they obtained all the procedural protection which they would have enjoyed had plaintiffs initiated their claim for attorney's fees by noticed motion.[4]

---

[4]Defendants also argue that due process of law requires an adversarial hearing on the award of attorney's fees and that "The prevailing party alone cannot determine the amount that will be Court ordered for inclusion in a cost bill or as damages assessed against the losing party." We fail to see how these general principles have any application to this case. Defendants were represented by counsel at an adversarial hearing in which plaintiffs' claimed fees of $55,865.63 were reduced by the court to an award of only $27,661.60. Defendants' only assertion of error is that plaintiffs should have brought the motion, rather than defendants. Such a distinction scarcely rises to a violation of constitutional due process.

The judgment is affirmed. Plaintiffs' cross-appeal is dismissed. Plaintiffs-respondents are awarded costs on appeal.

Kline, P. J., and Benson, J., concurred.