[No. B065227. Second Dist., Div. Two. May 14, 1993.]

GUNLOCK CORPORATION, Plaintiff and Respondent, v.
WALK ON WATER, INC., Defendant and Appellant.

Robert L. Esensten and Jenus K. Nourafchan for Defendant and Appellant.

James N. Crowell and Susan J. Brakel for Plaintiff and Respondent.

## Opinion

**FUKUTO, J.**—Defendant, Walk on Water, Inc., appeals from postjudgment orders taxing costs, denying relief under Code of Civil Procedure section 473, and denying reconsideration. The combined effect of these orders was to preclude appellant from recovering contractual attorney fees, in a case in which it had prevailed, because of failure to file a motion together with the cost bill claiming them. We reverse and remand for determination of the fees to which appellant is entitled.

### Facts

In the underlying action, appellant was sued by respondent, Gunlock Corporation, for amounts allegedly due under a commercial lease that contained an attorney fees clause. After a court trial, appellant prevailed, and the trial court declared it the prevailing party. Judgment for appellant was entered on August 5, 1991.

Eight days later, appellant served and filed its memorandum of costs in the amount of $21,409.82, including $20,652.50 attorney fees. Respondent responded with a motion to tax costs, which challenged the attorney fees on

two grounds: they were unreasonable, and appellant had not filed a motion claiming them, under California Rules of Court, rule 870.2.[1] In its opposition to the motion, appellant included a declaration of counsel verifying an accompanying ledger that detailed the time and charges expended on the case.

Although the trial court stated the requested fees were reasonable, it granted respondent's motion and disallowed them entirely. Stating, "[t]his is a very painful case," the court ruled that a motion for attorney fees had been required by Code of Civil Procedure section 1033.5, subdivision (c)(5), within the time specified by rule 870.2. The court said, "I have no discretion under my reading of this law, and I would be happy to have an appellate court say otherwise—I don't think it's equitable in this case . . . ."

The court thereafter denied appellant's motion for relief from its failure to move for fees (Code Civ. Proc., § 473), on grounds counsel's unawareness of code requirements was per se inexcusable. Appellant's motion for reconsideration of that ruling also was denied.

## DISCUSSION

In the words of the Legislature, as of 1990 "there [was] great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto [was] provided by contract to the prevailing party." (Stats. 1990, ch. 804, § 2; Historical and Statutory Note, 18A West's Ann. Code Civ. Proc., § 1033.5 (1993 pocket supp.) p. 43 [hereafter Historical Note].) The better view, in light of Civil Code section 1717 and the complementary rule 870.2, was that the prevailing party had to notice a motion concurrent with the memorandum of costs. (See *California Recreation Industries* v. *Kierstead* (1988) 199 Cal.App.3d 203, 206-209 [244 Cal.Rptr. 632].) However, a number of authorities endorsed simply claiming the fees in the cost memorandum. (See *id.* at pp. 206-207.)

The Legislature rectified this uncertainty in 1990, by amending Code of Civil Procedure section 1033.5 to require, with exceptions not applicable in this case, that attorney fees authorized by a contract or by Civil Code section 1717 be fixed by noticed motion. The relevant provisions, which became

---

[1]Rule 870.2, referred to as such hereafter, provides: "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed. If only attorney fees are claimed as costs, the notice of motion shall be served and filed within the time specified in rule 870(a)(1) [for filing a memorandum of costs]."

effective a few months before the proceedings in this case, are set forth below.[2]

As noted above, the trial court ruled that because appellant had not filed a motion for its attorney fees, within the time specified by rule 870.2, the court was without discretion to entertain appellant's application for fees, and was bound to disallow them. For several reasons, this ruling was erroneous.

■     First, assuming a motion was required, pursuant to rule 870.2, within the time allowed for filing the memorandum of costs, "it [is] settled that the time limitation set out in that section is . . . not jurisdictional in character and that a trial court has broad discretion in allowing relief from a late filing where, as here, there is an absence of a showing of prejudice to the opposing party." (*Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 168 Cal.App.3d 485, 487-488 [214 Cal.Rptr. 264], fn. omitted; see also Cal. Rules of Court, rule 870(b)(3) [authorizing court and parties to extend time for filing a cost memorandum].)[3]

Second, the Supreme Court and Courts of Appeal have affirmed and even ordered contractual attorney fees awards despite the prevailing party's failure, as here, to comply with the statutory requirement of a noticed motion. In *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088], the successful defendants included a provision for attorney fees in the judgment, but the trial court struck it. Reversing and ordering a hearing on the amount of fees allowable, the court noted that "[a]lthough defendants did not technically comply with Civil Code section 1717's requirement of notice and motion for attorney's fees . . . they did submit the

---

[2] "(a) The following items are allowable as costs under Section 1032: [¶] . . . [¶] (10) Attorney fees, when authorized by either of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] . . . [¶] (c) . . . [¶] (5) . . . Attorney's fees allowable as costs pursuant to subparagraph (A) of paragraph (10) of subdivision (a) shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties. [¶] Attorney's fees awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032 as authorized by subparagraph (A) of paragraph (10) of subdivision (a)." (Code Civ. Proc., § 1033.5.)

[3] Moreover, it is not crystal clear that appellant's time to file a motion was delimited by rule 870.2. That rule (fn. 1, *ante*) in terms pertains to fees claimed under Civil Code section 1717. But Code of Civil Procedure section 1033.5 distinctly addresses fees authorized by "contract." (*Id.*, subd. (a)(10)(A).) And in adding that reference and the corresponding requirement of a motion in 1990, the Legislature stated, "It is further the intent of the Legislature to vest the Judicial Council with the discretion provided in Section 1034 of the Code of Civil Procedure to adopt procedural guidelines establishing the time for the hearing of these motions, but the Legislature finds and declares that the criteria set forth in Section 870.2 of the California Rules of Court provide a fair and equitable procedure for the motions." (Historical Note, *supra*.) Thus, the Legislature did not impose rule 870.2 on motions for fees under contracts, but rather left it to the Judicial Council to establish the time for such motions. The Judicial Council has not specifically done so.

issue to the court for decision, in the form of a memorandum of costs and disbursements, declaration in support of attorney's fees, and points and authorities in support thereof. Under these circumstances, the spirit, if not the letter, of the amended statute was complied with." (*Id.* at p. 786.)

Closer yet to the present case is *California Recreation Industries* v. *Kierstead, supra,* 199 Cal.App.3d 203. There, the successful plaintiffs claimed their contractual attorney fees in the memorandum of costs; defendants moved to tax, asserting the fees were unreasonable; plaintiffs responded with declarations setting forth the billing history of the case. The trial court awarded a reduced amount of fees, and defendants appealed on grounds plaintiffs had improperly pursued the fees through a memorandum of costs rather than a noticed motion. After an extensive analysis, the court agreed "that defendants' interpretation, . . . that the party seeking attorney's fees must file a noticed motion, is the correct one." (*Id.* at pp. 208-209.) However, citing *Christensen* v. *Dewor Developments, supra,* 33 Cal.3d 778, and *Hoover Community Hotel Development Corp.* v. *Thomson, supra,* 168 Cal.App.3d 485, the court further held that "failure to file a noticed motion does not deprive the court of jurisdiction to award attorney's fees where the party seeking attorney's fees files and serves a memorandum of costs. Under these circumstances, the 'spirit, if not the letter, of the amended statute was complied with.' " (*California Recreation Industries* v. *Kierstead, supra,* 199 Cal.App.3d at p. 209.) Finding no prejudice to defendants from the procedural departure, because defendants had been served with evidence of the fee claim and the trial court had conducted a hearing at which plaintiffs had the burden of proof, the court affirmed the judgment awarding fees.

The authorities discussed above manifest substantial latitude in allowing fees to be awarded without strict compliance with statutory temporal and procedural limitations. The trial court's perception that it lacked discretion to entertain appellant's fee request because appellant had not filed a noticed motion with its memorandum of costs thus was wrong. And the record is clear that the court otherwise would have allowed appellant to proceed, either on the papers before the court or by granting additional time to make a formal motion for fees.[4]

Accordingly, the order taxing costs and disallowing attorney fees must be reversed. Although the trial court already has expressed satisfaction with the reasonableness of appellant's fee claim, that issue, which respondent continues to press, should be decided squarely rather than by dictum, on proceedings to determine fees. The matter therefore will be remanded for a determination of the amount of fees to be allowed.

---

[4]Indeed, the record does not establish that the original time for filing a memorandum of costs (Cal. Rules of Court, rule 870(a)(1)) had expired when the court initially ruled.

## DISPOSITION

The order taxing costs is reversed. The remainder of the appeal is dismissed as moot. On appellant's duly noticed motion, the superior court shall determine the amount of attorney fees to be awarded as costs in the action. In the interests of justice, the parties shall bear their own costs on appeal.

Gates, Acting P. J., and Nott, J., concurred.