Filed 1/26/26  Skytte v. Skytte CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BIRTHE B. SKYTTE, et al., | |
| Plaintiffs and Respondents, | G064930 |
| v. | (Super. Ct. No. 30-2017-00902820) |
| CHRISTIAN SKYTTE, et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed. Motion to dismiss. Denied.

Christian Skytte and Catherine J. Skytte, in pro. per. for Defendants and Appellants.

Law Office of David E. Libman and David Ethan Libman; Jeff Lewis Law, Jeffrey Lewis, Kyla Dayton, and Tim Cotter for Plaintiffs and Respondents.

Recently, a different panel of this court considered an appeal filed by the same parties, affirming dismissal of a probate dispute. (*Skytte v. Skytte* (G061364, Feb. 27, 2024) [nonpub. opn.] (*Skytte*).) On remand, the trial court ordered Christian Skytte and his wife, Catherine J. Skytte, to pay attorney fees to Birthe Skytte, Michael Skytte, Stephen Skytte, and Thomas Skytte.[1] Christian argues the trial court abused its discretion in granting Birthe's motion because it was untimely, Birthe was barred from filing a motion for an award of fees and costs, and the award was excessive. We conclude each contention lacks merit and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

This case began as a probate dispute between family members. (See *Skytte, supra,* G061364.) In 2018, Christian and Birthe settled their dispute and dismissed their competing claims. Under the terms of their settlement agreement, the parties agreed the prevailing party would pay attorney fees and costs arising from enforcement of the agreement.

In 2021, Christian moved to vacate the dismissal of his claims. (*Skytte, supra,* G061364.) The trial court denied the motion, and Christian appealed (*Ibid.*) A different panel of this court affirmed the trial court's ruling and remanded the matter to the trial court to award costs. (*Ibid.*) Birthe

---

[1] To avoid confusion and for ease of reference, we refer to the parties by their first names. Christian and Catherine will be collectively referred to as "Christian" in the singular. The four other family members will be referred to collectively, and in the singular, as "Birthe." We mean no disrespect.

subsequently filed a request for attorney fees as the prevailing party with the trial court. Christian opposed the request, making the same arguments he now repeats in this appeal.

The trial court awarded Birthe $63,958.75 in attorney fees. Although the court did not agree with Christian's argument that the fees requested were unreasonable or excessive, it reduced the award by $2,460. It explained some of the time entries "appeared to be administrative in nature" and were "not appropriate tasks for attorneys." The court also rejected Christian's argument that Birthe was barred from filing the motion because Christian failed to support his contention with an analysis of either the facts or the law.

## DISCUSSION

### I.

### MOTION TO DISMISS

As a preliminary matter, we address Birthe's motion to dismiss the appeal. In her motion, Birthe contends Christian waived his right to appeal the fees and cost award because Christian voluntarily satisfied the judgment.[2]

While "a waiver will be implied where there is *voluntary compliance* with a judgment, as when the judgment debtor satisfies the judgment by making payment to the prevailing party under its terms," such a waiver "occurs only where the compliance was '. . . by way of compromise or with an agreement not to take or prosecute an appeal.'" (*Lee v. Brown* (1976)

---

[2] Christian maintains he felt compelled to satisfy the judgment to expunge Birthe's judgment lien on real property, needed for a real estate transaction unrelated to this case. Birthe did not present evidence to the contrary.

3

18 Cal.3d. 110, 115.) Otherwise, "'payment of a judgment must be regarded as compulsory, and therefore, as not releasing errors, nor depriving the payor of his right to appeal.'" (*Reitano v. Yankwich* (1951) 38 Cal.2d 1, 4.)

While Birthe argues Christian's satisfaction of the judgment was voluntary, Birthe does not offer any arguments or evidence that Christian's payment of the judgment was part of a compromise or agreement to waive his right to appeal. Because Birthe failed to meet her burden of proof on this essential element, we deny Birthe's motion to dismiss. (*Coldwell Banker & Co. v. Department of Insurance* (1980) 102 Cal.App.3d 381, 401.)

II.

ATTORNEY FEES AND COSTS

The sole issue on appeal is whether the trial court abused its discretion in granting Birthe's motion for attorney fees and costs. Christian contends the court abused its discretion because (1) Birthe's motion was untimely, (2) Birthe was barred from filing a motion for an award of fees and costs, (3) the award of claims and fees was excessive. We address each contention in turn, concluding each lacks merit.

*A. Timeliness*

Christian contends Birthe's motion for fees and costs was untimely because Birthe filed the motion after the deadline set forth in California Rules of Court, rule 8.278.[3]

We apply a de novo review standard in considering whether the trial court properly interpreted the California Rules of Court. (*In re M.C.* (2011) 199 Cal.App.4th 784, 804–805.) Under rule 8.278, a costs memorandum must be filed and served within 40 days after issuance of the

_____

[3] All further references to the rules will be to the California Rules of Court.

4

remittitur. (Rule 8.278(c)(1); see *In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 7–9.) Under rule 3.1702 (d), a trial court may extend the time to file a motion for attorney fees for good cause. Rule 3.1702(d) is to be liberally construed. (*Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 326.)

Here, Birthe filed her memorandum on June 7, 2024. The trial court rejected the filing because her attorney's address did not match court records.  After remedying her clerical issue, Birthe resubmitted her memorandum on June 13, 2024, three days after the 40-day deadline set out in rule 8.278. The record shows the court was aware of the late filing but nonetheless considered Birthe's motion and Christian's response pursuant to rule 3.1702 (d).

On appeal, Christian neither addresses the trial court's authority to extend the time for filing, nor does he argue the court abused its discretion in exercising its authority. He has failed to demonstrate prejudicial error. We have no reason to conclude the court abused its discretion in extending the time for filing by three days. (*Gunlock Corp. v. Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1304 [court has broad discretion to allow relief from late filing where there is no showing of prejudice to opposing party].)

*B. Birthe was not barred from filing a motion for an award of fees*

While not entirely clear, Christian seems to argue the trial court lacked jurisdiction to determine Birthe's entitlement to attorney fees and costs because Birthe did not seek an order from the trial court or the appellate court permitting her to do so. He made a similar argument in the trial court. Christian failed to support his contention below and in his appellate briefing with any analysis of either the facts or the law. "'Appellate briefs must provide argument and legal authority for the positions taken.

5

"When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" [Citation.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.'" (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) The claim is thus waived.

Even if we considered the substance of Christian's claims, we would conclude there is no basis for reversal. "When a contract includes an attorney fee provision, [Civil Code,] section 1717 grants attorney fees to the prevailing party." (*City of Los Angeles Dept. of Airports v. U.S. Specialty Ins. Co.* (2022) 79 Cal.App.5th 1039, 1043.) Civil Code, section 1717, subdivision (a) states: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to other costs."

Here, paragraph eight of the promissory note between the parties indicates the prevailing party shall recover all reasonable court costs and attorney fees in any action to enforce the note. We find nothing in Civil Code section 1717, nor does Christian point us to any authority, indicating Birthe was required to seek an order from the trial court or the appellate court allowing her to file a memorandum for fees and costs after she prevailed on appeal.

Christian also appears to mistakenly believe Birthe was barred from being awarded attorney fees because, under Civil Code section 1717, she

6

was required to request fees in her memorandum of costs on appeal. From our review of the record, it appears Birthe concurrently filed a memorandum of costs with her motion for fees and costs. In any event, once again, Christian cites no authority to support his contention. This argument is similarly waived. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

## C. Excessiveness

Finally, Christian contends the attorney fees the trial court awarded to Birthe were excessive and unreasonable. We find no support for this contention in the briefing or on this record.

Civil Code section 1717, subdivision (a) provides that where attorney fees are authorized by contract, "the prevailing party . . . shall be entitled to reasonable attorney's fees," which "shall be fixed by the court." "The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles." (*EnPalm, LCC v. Teitler* (2008) 162 Cal.App.4th 770, 774 (*EnPalm*).) In fixing a reasonable fee, the court first computes "the lodestar figure—a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate." (*Ibid.*) Second, the court may adjust the lodestar to ensure that the fee awarded is reasonable in view of various factors, including "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, . . . 'necessity for and the nature of the litigation,'" as well as other circumstances of the case. (*Ibid.*)

"We will reverse a fee award only if there has been a manifest abuse of discretion." (*EnPalm*, *supra*, 162 Cal.App.4th at p. 774.) Christian bears the burden of affirmatively establishing the trial court abused its discretion. (*Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 128.) On matters as to which the record is silent, we indulge all intendments and presumptions to support the trial court's order. (*Ibid.*)

Here, Christian did not cite any evidence presented to the trial court to support his contention that the fee award was excessive or unreasonable. Additionally, Christian failed to specify why the hours Birthe's attorneys worked were unreasonable. Instead, without citation to any legal authority, he argues the motion was "unreasonable in its amount, unsupported by the facts alleged and the law relied upon, and defective in that it fails to state the amount of fees and costs, and specifically as against whom they are sought on the first page of the pleading." Such conclusory arguments are inadequate. "'In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. Failure to raise specific challenges in the trial court forfeits the claim on appeal.'" (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488.) For the reasons stated above, Christian has forfeited his excessiveness argument.

Even if we were to find that Christian did not forfeit his argument, the record does not support the conclusion the trial court awarded Birthe excessive attorney fees. Birthe supported her request for attorney fees with declarations from the attorneys who handled the underlying case and

8

prior appeal. Although the record does not include the reporter's transcript, the court's minute order reflects the court found Birthe's attorneys' rates were "all reasonable."

DISPOSITION

The order is affirmed. The motion to dismiss is denied. In the interests of justice, each party shall bear their own costs on appeal.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.

9