[L.A. No. 31042. Nov. 8, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
VERNON J. McKALE et al., Defendants and Respondents;
WELLS FARGO BANK, Defendant and Appellant.

COUNSEL

Byron C. Morton, District Attorney, Robert J. O'Connor, Jr., and Gregory W. Brose, Deputy District Attorneys, for Plaintiff and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, E. Clement Shute, Jr., Assistant Attorney General, Herschel T. Elkins and Albert Norman Shelden, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, John A. Sturgeon and Ronald P. Kaplan for Defendant and Appellant.

Rodney Robertson for Defendants and Respondents.

OPINION

CLARK, J.—People appeal from judgment as to eight causes of action entered in favor of defendants Vernon J. McKale doing business as Skys Haven Mobile Home Park (the park), Loren and Rose Crocker and Wells Fargo Bank, National Association (Wells Fargo). General demurrers were sustained without leave to amend as to 59 causes of ac-

tion stated in the People's amended complaint for alleged violations of the Mobilehome Parks Act (Health & Saf. Code, § 18200 et seq.) and other statutes. Wells Fargo cross-appeals from order denying attorney fees.

In April 1976 the People, through the office of the District Attorney of Riverside County, commenced this action against the park seeking civil penalties and injunctive relief for claimed violations of the Mobilehome Parks Act and related sections of the Administrative Code pertaining to operation of mobilehome parks. The complaint further asserted alleged acts of misconduct additionally constitute unfair competition under Civil Code section 3369 (now Bus. & Prof. Code, §§ 17200-17208.)[1] After the park's demurrers were sustained as to particular causes of action, the People filed an amended complaint asserting 59 causes of action seeking, among other things, imposition of civil penalties (Bus. & Prof. Code, § 17206) and permanent injunction (Bus. & Prof. Code, § 17204) against the owner of the park (McKale), its managers (the Crockers), and Wells Fargo. Wells Fargo is alleged to have been in possession and control of the park during a portion of the time when asserted violations occurred. While demurrers were sustained and judgment granted as to each of the 59 counts, the People appeal only as to 8 counts alleging unfair competition practices—counts 8 through 13, 57 and 59.

The central issue presented is whether the district attorney has power to proceed against defendants for the claimed violations. While he has no express authority to enforce the Mobilehome Parks Act—such authority being expressly vested in the Commission on Housing and Community Development—he does have standing to sue for acts of unfair competition prescribed by provisions of the Business and Professions Code. Section 17204 expressly empowers a district attorney to prosecute actions for an injunction to halt acts of unfair competition, and section 17206 authorizes a district attorney to prosecute actions for collection of civil penalties assessed for such acts.

■ Unfair competition is defined to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading

---

[1]At the time this action was commenced the allegations of unfair competition were governed by Civil Code sections 3369 to 3370.1. Section 3369 was amended in 1977. (Stats. 1977, ch. 299, § 2, pp. 1203-1204.) Paragraphs (2) through (6) are now contained in Business and Professions Code sections 17200, 17201, 17203-17204. Section 3370.1 was repealed (Stats. 1977, ch. 299, § 3, p. 1204), see now Business and Professions Code section 17206. Statutory reference which follows are to current code sections.

advertising." (Bus. & Prof. Code, § 17200.) California courts have consistently interpreted such language broadly. An "unlawful business activity" includes "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" (*Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 113 [101 Cal.Rptr. 745, 496 P.2d 817].) The Legislature "intended...to permit tribunals to enjoin on-going wrongful business conduct in whatever context such activity might occur." (*Id.,* at p. 111.)

The eighth, ninth and tenth causes of action allege violations of the Mobilehome Parks Act and related sections of the Administrative Code, asserting such violations constitute acts of unfair competition prohibited by the Business and Profession Code. The violations range from dumping waste water on the premises (Health & Saf. Code, § 18554) to improper burial of underground electrical wiring (Cal Admin. Code, tit. 25, art. 3, § 5342). Under *Barquis* such violations constitute unlawful business activities because they are by nature business practices and are forbidden by law.

Defendants contend maintenance of a cause of action in unfair competition for violations of the Mobilehome Parks Act circumvents the specific statutory enforcement scheme provided by the act. The act calls for enforcement by the Department of Housing and Community Development or any city or county which has assumed responsibility under Health and Safety Code section 18300. (Health & Saf. Code, § 18207.) While a district attorney may bring an action to abate a nuisance occurring on property controlled by the act (Health & Saf. Code, § 18402), the People do not purport to prosecute this action pursuant to such authority.

The People contend that even though a specific statutory enforcement scheme exists, a parallel action for unfair competition is proper pursuant to applicable provisions of the Business and Professions Code. We have so held in an analogous situation. (*Barquis* v. *Merchants Collection Assn., supra,* 7 Cal.3d 94.) The Collection Agency Act (Bus. & Prof. Code, § 6850 et seq.) provides for a regulatory scheme, including an enforcement agency. Admittedly the issue of standing to challenge alleged unlawful practices was not directly raised in that case. However, we held persons not vested with specific authority by the act—in that case a class of prejudicially affected persons—could, if properly alleged, bring a cause of action for unfair competition. (*Id.,* at p. 113.) In an ac-

tion in which a similar question of standing *was* raised, it was held a savings and loan association could maintain an action for unfair competition in doing business under a particular name even though the Savings and Loan Commissioner had approved the use of such name. (*Coast and Southern Fed. S. & L. Assn.* v. *Trans-Coast S. & L. Assn.* (1971) 16 Cal.App.3d 205 [93 Cal.Rptr. 791].)

In similar situations our courts have arrived at consistent conclusions. The Accountancy Act (Bus. & Prof. Code, §§ 5000-5157) establishes the Board of Accountancy with authority to seek injunctive relief against violators of the act. (Bus. & Prof. Code, § 5122.) As with the Mobilehome Parks Act, the district attorney is not expressly authorized to enforce the statute. While the issue has not been directly faced, it appears a concerned district attorney may prosecute an action for unfair competition predicated on violations of the Accountancy Act notwithstanding provisions for a special enforcement agency. (See *People* v. *Hill* (1977) 66 Cal.App.3d 320 [136 Cal.Rptr. 30].)

In *People* v. *K. Sakai Co.* (1976) 56 Cal.App.3d 531 [128 Cal.Rptr. 536], a district attorney filed an action alleging defendants had committed acts of unfair competition by violating Penal Code sections prohibiting sale of whale meat. Even though the Penal Code provides only criminal sanctions, the court held the district attorney could pursue an action in unfair competition for such violations.

We conclude that lack of express authorization for a district attorney to prosecute violations of the Mobilehome Parks Act does not preclude prosecution of an action pursuant to applicable Business and Professions Code sections for unfair competition. *Safer* v. *Superior Court* (1975) 15 Cal.3d 230 [124 Cal.Rptr. 174, 540 P.2d 14] is not inconsistent as contended by defendants. While we held a district attorney may prosecute civil actions only when the Legislature has specifically authorized, specific power exists in the instant case. The district attorney is expressly authorized to maintain a civil action for either injunctive relief or civil penalties for acts of unfair competition. (Bus. & Prof. Code, §§ 17204, 17206.) Business and Professions Code section 17205 also provides that remedies and penalties available in an unfair competition action are cumulative to remedies and penalties available under other state laws, unless otherwise expressly provided. Neither the Mobilehome Parks Act nor other statute expressly provides that violations of the Mobilehome Parks Act may not be prosecuted as acts of unfair competition.

■ The eighth, ninth and tenth causes of action allege as acts of unfair competition defendants' failure to maintain—as required by statute—proper mechanical, electrical, sanitary, safety and other installations within the park, and defendants' neglect to enforce licensing, registration and other legal requirements for vehicles within the park. Defendants contend such allegations, if true, do not constitute sufficient acts of unfair competition to withstand defendants' demurrers. This court stated in *Barquis*—in considering the meaning of unfair competition proscribed by then Civil Code section 3369 (see fn. 1, *ante*)—that "'it is difficult to see any other purpose than to extend the meaning of unfair competition to anything that can properly be called a business practice and that at the same time is forbidden by law.'" (*Barquis* v. *Merchants Collection Assn.*, *supra*, 7 Cal.3d 94, 112-113.) The court held that because the complaint before it alleged "unlawful" conduct pursued as a "business practice," a demurrer thereto could not be sustained.

We conclude the People have sufficiently alleged acts of unfair competition in counts eight, nine and ten, and factual truths which defendants claim render the allegations frivolous will have to be established at trial.

The People's 11th and 12th causes of action allege inclusion of unlawful provisions in the park's rules and regulations governing tenants of the park constitute unfair competition actionable by the People. Civil penalties and injunctive relief are sought.[2]

---

[2]The conduct complained of is alleged on information and belief as follows: "[T]hat on or about December 1975 and continuing thereafter into 1976, Defendants have issued to the tenants of SKYS HAVEN rules and regulations which said tenants [*sic*] were required to sign...; that a paragraph in the rules and regulations provides that the tenants must pay a pet fee of $3.00 per month, which provision is in violation of Section 789.7 (b) of the...Civil Code...; that a paragraph in these rules and regulations provides that the tenants must pay a charge of $5.00 per month for each guest, which paragraph is in violation of Section 789.7 (c) of the...Civil Code...; that a paragraph in these rules and regulations provides that any breach by a tenant's guest of park regulations will be sufficient grounds for the Defendants to terminate said tenant's tenancy. Such paragraph is in violation of Section 789.5 (d) of the...Civil Code...; that a paragraph in these rules and regulations provides that the Defendants can close the recreation hall at any time and exclude any resident or guest from that recreation hall. This provision is in violation of Section 789.5 of the...Civil Code;" and "that Defendants have made a change in the use of SKYS HAVEN MOBILE HOME PARK from a mobile home park to a combinationpark [*sic*] without providing tendants [*sic*] with the proper twelve months' written advice as provided in...Civil Code section 789.5 (5) [*sic*: 789.5 (d)(5).]"

Sections 789.5 and 789.7 (see fn. 2, *ante*) form part of a statutory scheme regulating fees and termination of tenancies in mobilehome parks. Defendants contend inclusion of unlawful provisions in the park's rules and regulations does not constitute an unlawful or unfair business practice because they have not attempted to enforce their rules and regulations. While the pertinent statutory provisions do not expressly prohibit requiring tenants to sign copies of rules and regulations containing unlawful provisions, defendants' requirement constitutes an unfair and deceptive business practice. Tenants are likely to believe a park has authority to enforce rules it requires its tenants to acknowledge. "'Unfair competition' and 'unfair or fraudulent business practice' [see Bus. & Prof. Code, § 17200] are generic terms." (*People* ex rel. *Mosk* v. *National Research Co. of Cal.* (1962) 201 Cal.App.2d 765, 772 [20 Cal.Rptr. 516].) "What constitutes 'unfair competition' or 'unfair or fraudulent business practice' under any given set of circumstances is a question of fact...the essential test being whether the public is likely to be deceived...." (*Id.*) ■ When a mobilehome park operator requires tenants to sign park rules and regulations which the park is prohibited by law from enforcing, those tenants are likely to be deceived, and allegations of unfair competition based thereon are sufficient to withstand demurrer. Again, defendants' contentions that the allegations cannot be proven must be factually established at trial.

Notwithstanding the foregoing, it is unclear on the facts alleged whether the rules and regulations in question, if enforced, would violate the Civil Code sections. Allegations that a particular rule or regulation is "in violation of" sections 789.5 or 789.7 are inadequate to place at issue the illegality of the rule or regulation. Without supporting facts demonstrating the illegality of a rule or regulation, an allegation that it is in violation of a specific statute is purely conclusionary and insufficient to withstand demurrer. (See *Baker* v. *Miller* (1923) 190 Cal. 263, 267 [212 P. 11]; *Joyce* v. *Tomasini* (1914) 168 Cal. 234, 237-238 [142 P. 67]; *Taliaferro* v. *Wampler* (1954) 127 Cal.App.2d 306, 308 [273 P.2d 829]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 272, pp. 1944, 1945.)

■ Civil Code section 789.7, subdivision (b), provides: "Tenants shall not be charged for keeping pets in the park unless the park management actually provides special facilities or services for pets. If special pet facilities or services are maintained the charge shall reasonably relate to the cost and maintenance of the facility or services in

relation to the number of tenants owning pets." The bare allegation that a rule requires tenants to pay a pet fee of $3 per month without allegation as to whether special pet care services or facilities are provided and the reasonableness of the charge does not establish a statutory violation.

■ Civil Code section 789.7, subdivision (c) provides: "No extra charge shall be made for guests of a tenant who do not stay with the tenant more than a total of 14 days in any calendar month." An allegation that because tenants must pay $5 per month per guest fails to allege a violation of section 789.7, subdivision (c). A charge of $5 per monthly stay would be in accordance with the section, while a monthly charge of $5 per guest regardless of the duration of the stay would be in conflict with the section.

■ Civil Code section 789.5, subdivision (d)(3) provides that, by complying with certain notice and procedural requirements, the operator may terminate a tenancy for "[f]ailure of the tenant to comply with reasonable rules and regulations of the mobilehome park. . .." Attribution to a tenant of his guest's violation of park rules and regulations, assuming compliance with statutory notice requirements, would constitute no more than a reasonable interpretation of the subdivision. Otherwise park operators would have no way to insure compliance of guests with the park's reasonable rules and regulations. An allegation that such a rule is violative of statute thus fails to allege an act of unfair competition.

■ The People's conclusion that a change in the use of a mobilehome park without a 12-month written notice to tenants violates Civil Code section 789.5 is in error. Subdivision (d)(5) of the section specifies as a lawful reason for terminating tenancies in a mobilehome park, "[c]ondemnation or change of use of the mobilehome park." If the operator of a mobilehome park intends to terminate a tenancy because of a contemplated change of use, however, "the management shall give 12 months' written advice to the tenant and prospective tenants that a proposed change of use is contemplated." The 12-month notice is required only as a condition precedent to the termination of a tenancy. It is not alleged defendants attempted to terminate any tenancy on account of change of use without the proper notice.

■ Finally, it appears the allegation of a rule providing respondents can close the recreation hall at any time and exclude any resident there-

from, does allege a violation of Civil Code secition 789.5, subdivision (e). It is there provided: "Meetings by tenants, or residents in the mobilehome park, or by occupants of a mobilehome in the mobilehome park, or any or all of them, relating to mobilehome living and affairs in any of the park community or recreation halls shall not be subject to prohibition by the park management if such meetings are held at reasonable hours and when the facility is not otherwise in use." The park rule as alleged appears to preserve to the park authority to halt meetings in the recreation hall, including those protected by Civil Code section 789.5, subdivision (e).

It thus appears the People have sufficiently alleged the existence of rules and regulations in conflict with only Civil Code section 789.5, subdivision (e). They should, however, be given leave to amend the complaint to cure, if they can, defects noted as to other allegations of unfair business practices alleged in counts 11 and 12, as the record does not disclose that such defects were considered at pleading and demurrer stages.

■ The thirteenth cause of action seeks civil penalties for deceptive, untrue and misleading advertising by the park as being available to "adults only." The complaint alleges that defendants so advertised the park on outdoor signs located at the park and in a local newspaper, but that defendants on several occasions during 1976 leased park spaces to families with children. Such unfair business practice is predicated on Business and Professions Code sections 17200-17208.[3] Section 17200 specifically mentions "deceptive, untrue or misleading advertising" in defining unfair competition. It should now be established the district attorney has standing to bring such cause of action, and it has been adequately pleaded to withstand demurrer.

■ The 57th cause of action alleges a pattern of discriminative conduct on the part of defendants toward particular applicants and tenants, varying from instances of abusive language by managers to discriminative sales and leasing policies. Discrimination in housing and business establishments on the basis of religion or ancestry is clearly unlawful. (Health & Saf. Code, §§ 35700, 35720; Civ. Code, §§ 51, 51.5.) Such unlawful business practices constitute unfair competition pursuant to Business and Professions Code section 17200. The People have adequately stated a cause of action capable of withstanding demurrer.

[3]The alleged violation could also be based on Business and Professions Code section 17500 et seq.

The 59th cause of action incorporates factual allegations of causes of action other than those herein considered. Such allegations constitute—in the main—claimed violations of the Mobilehome Parks Act and related Administrative Code sections. The People allege that the 500 or more incorporated violations amount to unfair business practices. Defendants state that in each of the causes of action the allegations of which are incorporated in the 59th cause of action, the People seek civil penalties under the Mobilehome Parks Act. They contend that because that act authorizes the particular enforcement agency (Health & Saf. Code, § 18207) to "institute or maintain an action in the appropriate Court to collect any civil penalty" (Health & Saf. Code, § 18700), the People are precluded from proceeding under the act. However, the People do not assert causes of action alleged under the Mobilehome Parks Act. They merely borrow from those causes of action allegations of violations, and assert a different cause of action for unfair competition. For reasons earlier stated, the People have adequately alleged such cause of action.[4]

The People finally claim error in the dismissal of Wells Fargo as a defendant in the 11th cause of action alleging ethnic or religious discriminations. The issue presented concerns Wells Fargo's possession and control of the park during any of the alleged discriminatory acts. Wells Fargo is alleged to have been in possession and control of the park during 1975 prior to 18 December. The discriminations are alleged to have occurred on dates in 1976, except for acts alleged to have occurred "on or about December 1975 and continuing into 1976." Also incorporated into this count is an allegation that all events mentioned in the complaint occurred between 6 December 1974 and 6 December 1976. The People contend it cannot be assumed all alleged discriminations occurred at times other than when Wells Fargo was in possession of the park. Although discriminatory acts by Wells Fargo are inartfully alleged, it nevertheless appears the court abused its discretion in sustaining the demurrer without leave to amend. (See *Black v. Browne* (1940) 39 Cal.App.2d 606 [103 P.2d 1012].)

On its cross-appeal, Wells Fargo contends the court erred in denying its request for reasonable attorney fees and court costs, as a prevailing

---

[4]While we are satisfied that the 59th cause of action sufficiently alleges proper factual matters constituting acts of unfair competition, we are not prepared to state that *each* of the multiple allegations of unlawful business practice based on particular factual matters, would itself withstand proper demurrer or motion to strike, and we do not so hold.

party defendant. (See Civ. Code, §§ 789.5-789.12.)[5] While Wells Fargo appears to be entitled to fees and costs if it is determined to be a prevailing party (see Civ. Code, § 789.12), that determination must eventually depend on whether it prevails on remand.

The judgment is reversed as to counts 8 through 13, 57 and 59. The trial court is directed on remand to overrule defendants' demurrers as to counts 8, 9, 10, 13, 57 and 59, and to allow the People leave to amend their complaint as to counts 11 and 12 in accordance with views expressed herein.

Bird, C.J., Tobriner, J., Mosk, J., Richardson, J., Manuel, J., and Newman, J., concurred.

The petition of the defendant and appellant for a rehearing was denied January 3, 1980, and the opinion was modified to read as printed above.

---

[5]An order denying attorney fees is independently an appealable order as a final determination on a collateral matter severable from the general subject of the litigation. (See Code Civ. Proc., § 43; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].)