[No. B045042. Second Dist., Div. Two. Jan. 4, 1990.]

SAFECO INSURANCE COMPANY OF AMERICA, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES, Respondent; RONALD HANNA, Real Party in Interest.

**COUNSEL**

Catherine S. Smith, Richard G. Flanagan and L. E. Schweiner for Petitioner.

No appearance for Respondent.

Richard S. MacNaughton for Real Party in Interest.

**OPINION**

**COMPTON, Acting P. J.**—A defendant seeks a writ of mandate to compel the trial court to dismiss an action accusing it of engaging in unfair business practices.

While driving his motorcycle, plaintiff collided with an automobile. Plaintiff was injured, and his motorcycle was destroyed. The automobile driver had a liability insurance policy written by petitioner Safeco Insurance Company of America. Safeco agreed to bear the expense of a rental automobile for plaintiff. Plaintiff kept the rented automobile for 32 days.

For an additional daily charge of $5, at plaintiff's request the automobile rental firm provided plaintiff with a "collision damage waiver" (CDW)—in

effect, no-deductible collision and comprehensive insurance coverage. Safeco declined to pay this charge as it was incurred and informed plaintiff it considered the charge not to be its responsibility.

Less than six months after the accident, plaintiff settled his claim against the automobile driver (Safeco's insured) for the sum of $4,500, which Safeco paid, in full satisfaction of plaintiff's claim for personal injury, property damage, and damage for temporary loss of use of property. In connection with this settlement plaintiff released the automobile driver.

Eight months after settling his claim, plaintiff sued Safeco for having taken the position, during settlement discussions, that the expense of the collision damage waiver was not an item of damage for which its insured was legally liable. This "conduct," plaintiff alleged, was actionable on two legal theories. First, it constituted an unfair and deceptive claims settlement practice as defined in Insurance Code section 790.03, subdivision (h), thus entitling him to an award of compensatory and punitive damages. Secondly, it amounted to unfair competition within the meaning of Business and Professions Code section 17200, which defines unfair competition to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." Under this second theory, plaintiff claimed entitlement to an injunction, compensatory damages, additional compensation for prosecuting the action, punitive damages, and attorneys' fees. Later, plaintiff amended his complaint to allege he was suing also on behalf of a class of persons similarly situated, and to pray for an award of compensatory and punitive damages to each class member as well.

Safeco moved for summary judgment, on the ground plaintiff cannot maintain the action, having settled and released his claim against Safeco's insured. The trial court denied the motion, and this petition followed.

In August 1988 our Supreme Court abolished the judicially implied private cause of action for damages for commission of the unfair claims settlement practices enumerated in Insurance Code section 790.03, subdivision (h). (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58].) If filed before *Moradi-Shalal* became final, such actions may still be maintained, but only by plaintiffs who obtained, before bringing the action, a final judicial determination of the insured's liability. (*Id.* at pp. 305-313.) The court reasoned, in part, that to allow such actions to be maintained by plaintiffs who had settled their underlying claims "would give an unwarranted and unfair advantage to the [plaintiff], who could settle, retain the benefits of settlement, and then sue the insurer for additional compensation after failing to negotiate a larger settlement on the underlying claim." (*Id.* at p. 312.)

At bench, plaintiff concedes *Moradi-Shalal* bars him from pursuing his theory that petitioner's claims settlement practices are actionable under the Insurance Code. He contends, however, that *Moradi-Shalal* leaves unimpaired his right to pursue his theory that the selfsame practices are actionable under the Business and Professions Code. He relies on cases permitting plaintiffs who lack standing to invoke other statutory remedies to sue under section 17200. (See, e.g., *People* v. *McKale* (1979) 25 Cal.3d 626 [159 Cal.Rptr. 811, 602 P.2d 731]; *Consumers Union of United States, Inc.* v. *Fisher Development, Inc.* (1989) 208 Cal.App.3d 1433 [257 Cal.Rptr. 151].)

Though the issue is one of first impression, we have no difficulty in deciding the Business and Professions Code provides no toehold for scaling the barrier of *Moradi-Shalal.* The facts at bench are indistinguishable from those in *Moradi-Shalal.* To permit plaintiff to maintain this action would render *Moradi-Shalal* meaningless. This we have neither the power nor the desire to do. Plaintiff's action is, therefore, barred.

The alternative writ, having served its purpose, is discharged. Let a peremptory writ of mandate issue, directing respondent to vacate its order of September 6, 1989, denying petitioner's motion for summary judgment, and to enter a new order granting the motion.

Gates, J., and Fukuto, J., concurred.