Opinion
 

 PUGLIA, P. J.
 

 Plaintiffs appeal from a judgment denying their petition for writ of mandate.
 
 [1]
 
 (Code Civ. Proc., § 1094.5.) We affirm.
 

 SBS is an automotive repair and smog check facility located in Riverbank, California. Beginning in May 1991, the Bureau of Automotive Repair (Bureau), on five separate occasions, induced defects in state undercover vehicles which would prevent these vehicles from passing bona fide smog check inspections. These vehicles were then presented to SBS, which, inter alia, issued smog certificates despite the fact the vehicles were not in compliance with the law.
 
 [2]
 
 The vehicles were subsequently reinspected by the Bureau and the originally induced defects were still found to be present.
 

 As a result of the Bureau’s investigation, the District Attorney for Stanislaus County brought an action (hereafter the civil action) against plaintiffs in the Stanislaus Superior Court pursuant to the Unfair Practices Act. (Bus. & Prof. Code, § 17000 et seq.) The civil action was based on plaintiffs’ alleged violations of the Automotive Repair Act (Bus. & Prof. Code, § 9880 et seq.) and the motor vehicle inspection program (Health & Saf. Code, § 44000 et seq.).
 

 The civil action was settled by way of a stipulated consent decree and final judgment entered in November 1992. SBS agreed to pay the County of Stanislaus $7,500 in civil penalties and the Bureau $2,500 as reimbursement for investigative costs. Additionally, SBS agreed to provide additional smog inspection training to its employees. Finally, SBS was permanently enjoined from violating the statutes and regulations relating to smog inspections and automotive repairs.
 

 In February 1993, approximately four months after the judgment in the civil action, the Chief of the Bureau filed an accusation against plaintiffs with the Department of Consumer Affairs. The Bureau’s administrative
 
 *1494
 
 action was based on the same facts which gave rise to the civil action. In the administrative action, the Bureau sought to revoke or suspend SBS’s auto repair dealer registration and smog check license, as well as the qualified mechanic certificates held by plaintiffs Robinson, Bubnes and Cantwell.
 

 An administrative law judge (ALJ) issued a proposed decision which found virtually all the matters alleged in the accusation—the issuance of fraudulent smog certificates, charging for repairs that were unnecessary, failure to provide a written estimate to the customer—to be true to a clear and convincing certainty. The ALJ concluded that “[g]iven the number of smog inspection violations and the participation of [plaintiff] Ernest Setliff in the sale of unnecessary parts and repair services, it would be contrary to the public interest to allow the smog check station license of [SBS] to remain in effect." The ALJ directed the smog check station license issued to SBS be permanently revoked. The ALJ also ordered SBS’s automotive repair registration revoked, but the revocation was stayed pending a three-year period of probation with thirty days’ actual suspension. Finally, the qualified mechanic certificates of Robinson, Bubnes and Cantwell were revoked, but the revocation was stayed pending a three-year period of probation. The ALJ’s proposed decision was adopted by the Director of the Department of Consumer Affairs effective August 17, 1995.
 

 Plaintiffs filed the instant petition for a writ of administrative mandate. (Code Civ. Proc., § 1094.5.) Following hearing and argument, the superior court rejected plaintiffs’ claims in their entirety and entered judgment denying the writ. Plaintiffs appeal.
 

 As framed by plaintiffs, the issue on appeal is whether the filing of a civil action by the district attorney under the Unfair Practices Act precludes the subsequent filing of an administrative action, based on the same facts, by an administrative licensing agency. Plaintiffs argue the action initiated by the Bureau violates principles of “fundamental fairness” in that it subjected plaintiffs to “unconstitutional multiple punishment.” As plaintiffs state in their brief, “the administrative action violated [plaintiffs’] rights to fundamental fairness as set forth in the California and United States Constitutions because the remedy obtained in the [administrative action] failed to provide the public any additional protection that it had not received in the Stanislaus County Action. The [administrative action] amounted to nothing more than the State of California taking a second bite of the apple, a second bite that is a violation of [plaintiffs’] due process rights.”
 

 Plaintiffs’ constitutional argument fails. Business and Professions Code section 17205 states that unless otherwise expressly provided, the remedies
 
 *1495
 
 provided in the statutory scheme regarding unfair business practices are cumulative to the remedies or penalties available under all other laws of the state. Not only are the remedies cumulative, but the relief sought in the administrative action, namely suspension or revocation of plaintiffs’ smog control license and automotive repair registration, was unavailable to the district attorney in the civil action. (See Bus. & Prof. Code, § 9889.3; Health & Saf. Code, §§ 44035, 44056, 44057.)
 

 The commencement of an administrative action to suspend or revoke a license does not restrain the authority of a district attorney to prosecute an action under the Unfair Practices Act. Thus, in
 
 People
 
 v.
 
 Casa Blanca Convalescent Homes, Inc.
 
 (1984) 159 Cal.App.3d 509 [206 Cal.Rptr. 164, 53 A.L.R.3d 661] the court noted: “[T]he [Department of Health Services (DOHS)] has no authority to bind the district attorney or to restrain it in the enforcement of law. The enforcement of administrative regulations and the civil proceedings to compel the cessation of unlawful or unfair business practices are two separate legal processes involving two separate, distinct law enforcement agencies. The commencement of an administrative action by DOHS does not restrain the authority delegated by law to the district attorney. One branch of government may not prevent another from performing officials acts required by law.” (At pp. 532-533; see generally,
 
 People
 
 v.
 
 McKale
 
 (1979) 25 Cal.3d 626, 633-634 [159 Cal.Rptr. 811, 602 P.2d 731].)
 

 The civil action prosecuted by the district attorney was designed to bring to an immediate halt plaintiffs’ unlawful business practices (by way of injunctive relief) (see Health & Saf. Code, § 44057) as well as to penalize plaintiffs for their automotive transgressions (the $7,500 civil penalty) (see Health & Saf. Code, § 44056). The administrative action was entirely remedial in nature, designed to determine plaintiffs’ fitness to hold smog control and automotive repair licenses. (Cf.
 
 Borror
 
 v.
 
 Department of Investment
 
 (1971) 15 Cal.App.3d 531, 540 [92 Cal.Rptr. 525] [“The purpose of [an administrative] proceeding is not to punish but to afford protection to the public upon the rationale that respect and confidence of the public [are] merited by eliminating from the ranks of practitioners those who are dishonest, immoral, disreputable, or incompetent. [Citations.]”].)
 

 As we have noted, the administrative sanctions sought by the Bureau— suspension and/or revocation—are unavailable to the district attorney in a civil action. (Bus. & Prof. Code, § 9889.3; Health & Saf. Code, § 44035.) It is thus evident the administrative action and the civil action are two separate legal proceedings involving separate agencies seeking separate but necessary relief. (Cf.
 
 In re Brown
 
 (1995) 12 Cal.4th 205, 215-217 [48 Cal.Rptr.2d 29,
 
 *1496
 
 906 P.2d 1184];
 
 Baldwin
 
 v.
 
 Department of Motor Vehicles
 
 (1995) 35 Cal.App.4th 1630,1642 [42 Cal.Rptr.2d 422].) Accordingly, we find nothing “fundamentally unfair” in the Bureau’s administrative action which was based upon the same facts giving rise to the previous civil action.
 

 The judgment is affirmed.
 

 Sparks, J., and Callahan, J., concurred.
 

 [1]
 

 The plaintiffs in this proceeding are Setliff Bros. Service (SBS), a partnership owned by Arnold and Ernest Setliff, and Robert Robinson, Jon Henry Bubnes and Michael Cantwell, auto mechanics employed by SBS. We shall refer to plaintiffs either individually by name or collectively as plaintiffs.
 

 [2]
 

 Additionally, SBS charged the drivers of the undercover vehicles for repairs that were unnecessary. On some occasions the claimed “necessary” repairs were not actually performed.