Diana Lynn DALY, an individual;
Plaintiff,

v.

VIACOM, INC. et. al., Defendants.

No. 01–3343 MMC.

United States District Court,
N.D. California.

Aug. 6, 2002.

---

**10.** See 18 U.S.C. § 3663A(c)(3)(B).

1120

R. Michael Lieberman, Michael Lieberman Law Offices, San Francisco, CA, for Plaintiff.

Thomas R. Burke, Davis Wright Tremaine LLP, San Francisco, CA, Kelli L. Sager, Susan E. Seager, Davis Wright Tremaine LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING

(Docket Nos. 90, 98, 114)

CHESNEY, District Judge.

Before the Court is defendant Viacom International Inc.'s ("Viacom") motion to dismiss, filed April 12, 2002, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Diana Lynn Daly has filed opposition, to which Viacom replied. Also before the Court are the parties' supplemental memoranda in support of and in opposition to Viacom's earlier filed special motion to strike pursuant to California Code of Civil Procedure § 425.16.[1] Plaintiff filed separate oppositions to the motions, to which Viacom replied. Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision on the papers, VACATES the hearing scheduled for June 28, 2002, and rules as follows.

### I. Motion to Dismiss

### A. Background

The instant action arises from the filming, distribution and promotional advertising of the television program "Bands on the Run." On August 1, 2001, plaintiff filed a complaint alleging seven causes of action: statutory and common law commercial misappropriation, intrusion, false light, defamation, infliction of emotional distress and unfair business practices. On November 29, 2001, plaintiff filed a First Amended Complaint ("FAC"), in which plaintiff added a cause of action for Fraud. Viacom thereafter moved to dismiss plaintiff's FAC. By order filed January 23, 2002, the Court granted in part and denied in part Viacom's motion to dismiss. On February 22, 2002, plaintiff filed a Second Amended Complaint ("SAC"). By the instant motion, Viacom moves to dismiss plaintiff's SAC.

### B. Legal Standard

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). Dismissal is disfavored, however, and should be granted only in "extraordinary" cases. *See United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989). Material which is properly submitted as part of the complaint may, however, be considered. *See id.* In addition, documents specifically referred to in a

---

1. The special motion to strike, filed December 13, 2001, was denied by the Court's order filed January 23, 2002. Thereafter, at the Court's invitation following the California Court of Appeal's decision in *Seelig v. Infinity* *Broadcasting Corp.*, 97 Cal.App.4th 798, 119 Cal.Rptr.2d 108 (2002), the parties submitted supplemental memoranda, the last of which was filed May 17, 2002.

complaint, though not physically attached to the pleading, may be considered where authenticity is unquestioned. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994).

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. *See NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir. 1986). Factual allegations may be disregarded, however, if contradicted by documents to which the court may properly refer. *See Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987). Conclusory allegations, unsupported by the facts alleged, need not be accepted as true. *See Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992).

C. Analysis

1. *Statutory and Common Law Misappropriation*

 Plaintiff's First Cause of Action (Invasion of Privacy by Commercial Appropriation in Violation of Civil Code Section 3344) and Second Cause of Action (Invasion of Privacy by Commercial Appropriation) allege claims against Viacom for statutory and common law misappropriation, respectively. In support of these claims, plaintiff alleges that defendant "invaded plaintiff's right to privacy by appropriating plaintiff's photograph and likeness and using plaintiff's photograph and likeness in a nationwide magazine, billboard and television advertisement campaign for defendant's television program entitled Bands on the Run" and "without plaintiff's prior valid consent." (Second Amended Compl. ("SAC") ¶ 9.) As noted in the Court's prior order of January 23, 2002, California Civil Code § 3344 prohibits the use of "another's name, voice, signature, photograph, or likeness ... for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or

services, without such person's prior consent." Cal. Civ.Code § 3344(a). Prior consent is not required, however, if the use is "in connection with any news, public affairs, or sports broadcast or account, or any political campaign." Cal. Civ.Code § 3344(d). Similarly, to assert a common law cause of action for commercial misappropriation, plaintiff must plead: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *See Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1001 (9th Cir.2001) (citing *Eastwood v. Superior Court,* 149 Cal.App.3d 409, 417, 198 Cal. Rptr. 342 (1983)). As with the statutory cause of action, a defense under the First Amendment is provided where the publication or dissemination of matters is "in the public interest." *See Montana v. San Jose Mercury News, Inc.,* 34 Cal.App.4th 790, 793, 40 Cal.Rptr.2d 639 (1995) ("[N]o cause of action will lie for the publication of matters in the public interest, which rests on the right of the public to know and the freedom of the press to tell it.").

In Viacom's prior motion to dismiss, Viacom argued that Bands on the Run was a "public affairs" and "public interest" program that could not be held liable for statutory or common law misappropriation. The Court found that Viacom had not meet its burden of demonstrating that the show was a "public affairs" and "public interest" program as a matter of law and, therefore, denied Viacom's motion to dismiss plaintiff's statutory and common law misappropriation claims. (*See* Order filed January 23, 2002.)

By the instant motion, Viacom seeks dismissal of these claims on the ground that Bands on the Run is an "expressive work" that is subject to the protections of the First Amendment "[r]egardless of

whether it is categorized as 'news,' 'public affairs,' or purely entertainment." (*See* Mot. at 16.) According to Viacom, because Bands on the Run is an expressive work, "any advertisement showing the content of the program, including those containing plaintiff's likeness, [ ] are immunized from any misappropriation claims." (*See* Mot. at 16–17.)

■ Under the First Amendment, a cause of action for appropriation of another's "name and likeness may not be maintained" against "expressive works, whether factual or fictional." *See Guglielmi v. Spelling–Goldberg Productions*, 25 Cal.3d 860, 871–72, 160 Cal.Rptr. 352, 603 P.2d 454 (1979) (Bird, J. concurring); *Comedy III Prod., Inc. v. Gary Saderup, Inc.*, 25 Cal.4th 387, 398, 106 Cal.Rptr.2d 126, 21 P.3d 797 (2001) (holding expressive works do not loose "constitutional protections because they are for purposes of entertaining rather than informing").[2] "Whether the publication involved was factual and biographical or fictional," privacy rights have "not been held to outweigh the value of free expression." *See Guglielmi*, 25 Cal.3d at 871–72, 160 Cal.Rptr. 352, 603 P.2d 454 (holding First Amendment barred claims based on use of Rudolph Valentino's name and likeness in fictional television program). "[E]ntertainment is entitled to the same constitutional protection as the exposition of ideas." *See id.* at 867, 160 Cal.Rptr. 352, 603 P.2d 454; *Comedy III Prod.*, 25 Cal.4th at 398, 106 Cal. Rptr.2d 126, 21 P.3d 797. Likewise, advertisements of expressive works are not actionable where the advertisements are "merely an adjunct of the protected [work] and promote only the protected [work]." *See Cher v. Forum Int'l Inc.*, 692 F.2d 634, 639 (9th Cir.1982); *Guglielmi*, 25 Cal.3d at 871–72, 160 Cal.Rptr. 352, 603 P.2d 454

(holding advertisement not actionable where advertisement "was merely an adjunct to the exhibition of the film" and did "not ... promote anything but the film").

■ Here, it is undisputed that Bands on the Run is an expressive work subject to the protections of the First Amendment and that the advertising in question was merely to promote the program. Although plaintiff attempts to distinguish the authority cited by Viacom on the ground that those cases involved celebrities, plaintiff has failed to cite any authority demonstrating that noncelebrities are treated differently than celebrities for purposes of this analysis. *See* J. Thomas McCarthy, *The Rights of Publicity and Privacy* §§ 4:3, 5:60 (2001) (explaining law of appropriation does not draw a distinction between celebrities and noncelebrities when determining liability; distinction is relevant only to damages). As Bands on the Run is an expressive work protected by the First Amendment, plaintiff cannot state a misappropriation claim based on the use of her likeness in the program or the advertisements for the program.

Accordingly, plaintiff's First and Second Causes of Action are hereby DISMISSED.

### 2. *Public Disclosure of Private Facts*

In her Third Cause of Action (Invasion of Privacy by Public Disclosure of Private Facts), plaintiff alleges that "defendants, knowingly and without plaintiff's prior valid consent, invaded plaintiff's right to privacy by following her into the washroom of a nightclub and filming plaintiff in a stall in the washroom kissing a man, playing that film on defendant's television program entitled 'Bands on the Run,' and running still photographs of plaintiff in the stall in

---

**2.** In *Comedy III,* the Court noted that Justice Bird's concurrence is persuasive authority because the concurrence "commanded the sup-

port of the majority of the court." *See id.* at 396–97 n. 7, 106 Cal.Rptr.2d 126, 21 P.3d 797.

the washroom in a nationwide magazine, billboard, internet and television advertisement campaign for defendant's television program entitled 'Bands on the Run.'" (*See* SAC ¶ 22.)

█ At the outset, Viacom argues that plaintiff's claim is procedurally defective because plaintiff did not comply with the requirements of Rule 15(a) before pleading this claim. Rule 15 allows plaintiff to amend her pleading "once as a matter of course at any time before a responsive pleading is served" or, thereafter, "by leave of the court or ... written consent of the adverse party." *See* Fed. R. Civ. Pro. 15(a). Here, although plaintiff has already amended her pleading once as a matter of right, plaintiff did not seek leave of the court nor did she receive Viacom's consent before adding this claim. Plaintiff, therefore, has failed to comply with Rule 15.

█ Moreover, Viacom argues, plaintiff's Third Cause of Action fails to state a claim for disclosure of private facts. Under California law, there are three elements of a claim for public disclosure of private facts: (1) the disclosure must be "public;" (2) the facts must be "private facts" that have not been disclosed to the public; and (3) "the matter made public must be one which would be offensive and objectionable to a reasonable person of ordinary sensibilities." *See Sipple v. Chronicle Publ'g Co.*, 154 Cal.App.3d 1040, 1045, 201 Cal.Rptr. 665 (1984). "[T]here can be no privacy with respect to a matter that is already public or which has previously become part of the public domain."

*See id.* (holding plaintiff's sexual orientation was not a private fact after plaintiff had made the information public by marching in gay parades, frequenting gay bars, and being named in gay magazines). "[T]here is no liability when the defendant merely gives further publicity to information about [the] plaintiff which is already public or when the further publicity relates to matters which the plaintiff leaves open to the public eye." *See id.* at 1047, 201 Cal.Rptr. 665.

█ Here, plaintiff, in public and in plain view, kissed Dominic Weir ("Weir"), the "man" referenced in plaintiff's SAC, both in a bar and on a city sidewalk. Consequently, the fact that plaintiff kissed Weir was not a private fact. Plaintiff asserts, however, that the "private fact that plaintiff did not wish publicly disclosed" was not that she kissed Weir but that she kissed him "in the stall of a woman's bathroom in a bar." (*See id.* at 10.) According to plaintiff, the location of the kiss was a private fact, the disclosure of which caused her embarrassment. Plaintiff, however, cites no authority supporting her assertion that activity previously disclosed by a plaintiff to the public becomes a private fact merely by virtue of the location in which such activity occurs.[3] Consequently, because plaintiff herself publically disclosed the fact of her kissing Weir, plaintiff's claim based on public disclosure of private facts fails as a matter of law. Moreover, plaintiff's claim fails for the separate reason that the nature of the fact disclosed is not so "offensive and objection-

---

**3.** As noted in the Court's prior order, plaintiff may have had a reasonable expectation of privacy in the bathroom because the location in question, a toilet stall, is "properly characterized as 'private'." *See Washington v. Berber*, 48 Wash.App. 583, 740 P.2d 863 (1987). The tort of intrusion recognizes expectations of privacy premised on the location in which an activity occurs. *See Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200, 231, 74 Cal.Rptr.2d 843, 955 P.2d 469 (1998) ("[T]he action for intrusion has two elements: (1) intrusion into a private place ... (2) in a manner highly offensive to a reasonable person.") Here, however, the Court has determined that plaintiff's cause of action for intrusion is barred by the statute of limitations. Plaintiff cannot plead around this bar by repleading her claim for intrusion as a claim for disclosure of private facts.

able" to meet the requirements of the third element. Although in some instances such determinations are best left to the triers of fact, under other circumstances, the determination may be made as a matter of law. *See Gill v. Hearst Publishing Co.*, 40 Cal.2d 224, 230–31, 253 P.2d 441 (1953) (holding disclosure of photograph of plaintiffs in a romantic pose was not offensive to someone of ordinary sensibilities as a matter of law). Here, plaintiff cannot, as a matter of law, demonstrate that the disclosure of the fact that plaintiff kissed someone in a bathroom or any other seemingly unromantic locale is "beyond the limits of decency" such that defendant "should have realized it would be offensive to persons of ordinary sensibilities." *See id.* This is particularly true where, as here, plaintiff engaged in the same activity in unquestionably public locations.

Accordingly, plaintiff's Third Cause of Action is hereby DISMISSED.

### 3. *False Light and Libel*

Viacom moves to dismiss plaintiff's Fourth Cause of Action (Invasion of Privacy by Publically Placing Person in False Light in Public Eye) and plaintiff's Fifth Cause of Action (Libel). In plaintiff's opposition, plaintiff states that "she relinquishes these claims." (*See* Opp'n at 13.)

Accordingly, plaintiff's Fourth and Fifth Causes of Action are hereby DISMISSED.

### 4. *Infliction of Emotional Distress*

In her Sixth Cause of Action (Intentional or Reckless or Negligent Infliction of Severe Emotional Distress), plaintiff alleges that defendants caused her severe emotional distress by engaging in the conduct "specified in plaintiff's First through Fifth and Seventh and Eighth Causes of Action." (*See* SAC ¶ 40.)

"Intentional infliction of emotional distress, without physical trauma, can be a ground of liability, but only where the defendant's conduct is 'outrageous' or 'has gone beyond all reasonable bounds of decency.'" *See Grimes v. Carter*, 241 Cal. App.2d 694, 702, 50 Cal.Rptr. 808 (1966) (internal citations omitted). Here, it is clear from plaintiff's pleadings that her emotional distress claim is predicated on the same behavior alleged in support of her other claims. To the extent the Court has dismissed those claims, plaintiff's emotional distress claim is equally subject to dismissal.[4]

Accordingly, plaintiff's Sixth Cause of Action is hereby DISMISSED with leave to amend.

### 5. *Fraud*

In her Seventh Cause of Action (Fraud), plaintiff alleges that defendant misrepresented material facts when it induced plaintiff to sign a contract allowing defendant to film her in connection with defendant's program. (*See* SAC ¶ 44–45.) According to plaintiff, defendant "suppressed" the "actual facts," specifically, that "at the time plaintiff and defendant entered into the Contract, defendants desired and intended to film plaintiff in intimate and embarrassing situations and locations, including . . . the stalls in public bathrooms." (*See* SAC ¶ 48.)

"The elements of fraud are (a) misrepresentation; (b) knowledge of falsity (scienter); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Nagy v. Nagy*, 210 Cal.App.3d 1262, 1268, 258 Cal.Rptr. 787 (1989). In its prior motion to dismiss plaintiff's FAC, Viacom asserted that plaintiff's fraud claim failed, at a minimum, because plaintiff had not specifically al-

---

4. Although plaintiff, as noted, relinquished her false light and libel claims, those claims, as defendant argues, fail to state a cause of action, and, accordingly, the behavior underlying such claims likewise cannot support plaintiff's emotional distress claim.

leged that she suffered any monetary loss as a result of defendant's conduct. (*See* Mot. to Dismiss, at 15.) The Court agreed and dismissed plaintiff's claim with leave to amend to plead "a definite amount of damage." (*See* Order filed January 23, 2002.) In plaintiff's SAC, plaintiff alleges that she is entitled to "payment for the value of [her] performance on defendants' television program and in advertisements for the program which plaintiff estimates exceeds $10,000." (*See* SAC ¶ 60.) In short, plaintiff alleges that she is entitled to recover the benefit defendants assertly received by fraudulently inducing plaintiff to agree to be filmed in connection with Bands on the Run.

 Plaintiff's damages allegations are insufficient to cure the deficiency noted earlier as to plaintiff's FAC. Under California law, in the absence of a fiduciary relationship, a plaintiff can only recover "out-of-pocket damages [which] are directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction."[5] *See Auble v. Pacific Gas & Electric Co.*, 55 F. Supp 2d 1019, 1022 (N.D.Cal.1999); *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1240, 44 Cal.Rptr.2d 352, 900 P.2d 601 (1995); *Ward v. Taggart*, 51 Cal.2d 736, 741, 336 P.2d 534 (1959) ("In the absence of a fiduciary relationship, recovery in a tort action for fraud is limited to the actual damages suffered by the plaintiff.") As plaintiff must plead cognizable "out-of-pocket" damages to state a cause of action for fraud, plaintiff has not adequately pleaded a cause of action for fraud. *See Nagy*, 210 Cal.App.3d at 1268–69, 258 Cal.Rptr. 787.

Accordingly, plaintiff's Seventh Cause of Action is hereby DISMISSED with leave to amend to cure the deficiency noted.

**5.** Plaintiff does not argue that a fiduciary relationship existed between her and defendant nor has she alleged any facts to suggest such a relationship existed.

### 6. *Unfair Business Practices*

 In her Eighth Cause of Action (Unfair Business Practices), plaintiff alleges that defendant engaged in "unlawful business practices and unfair competition in violation of California Business and Professions Code Section 17200–17208." (*See* SAC ¶ 56.) Section 17200 prohibits "unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." *See People v. McKale*, 25 Cal.3d 626, 631–32, 159 Cal. Rptr. 811, 602 P.2d 731 (1979); Cal. Bus. & Prof.Code § 17200. Courts broadly interpret § 17200 to include "anything that can properly be called a business practice and that at the same time is forbidden by law." *See McKale*, 25 Cal.3d at 632, 159 Cal.Rptr. 811, 602 P.2d 731 (quoting *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113, 101 Cal.Rptr. 745, 496 P.2d 817 (1972)). The "breadth" of § 17200, however, "does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition." *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir.2001). Here, plaintiff's § 17200 claim is based on the same facts forming the bases of plaintiff's other causes of action. (*See* SAC ¶ 54.) As plaintiff has failed to plead sufficient facts to demonstrate that Viacom engaged in unlawful conduct as pleaded in those causes of action, plaintiff has failed to state a claim under § 17200 *et. seq.*

Accordingly, plaintiff's Eighth Cause of Action is hereby DISMISSED with leave to amend.[6]

**6.** In light of the Court's dismissal of all of plaintiff's causes of action, the Court need not determine, at this time, whether plaintiff's complaint should be stricken pursuant to Cal-

**1127**

CONCLUSION

For the reasons stated above, Viacom's motion to dismiss is hereby GRANTED. Such dismissal is with leave to amend as to plaintiff's Sixth, Seventh and Eight Causes of Action and without leave to amend as to plaintiff's First, Second, Third, Fourth and Fifth Causes of Action.

Plaintiff's amended complaint, if any, shall be filed within twenty (20) days of the date of this order.

This order closes Docket Nos. 90, 98, and 114.

IT IS SO ORDERED.

ifornia Code of Civil Procedure § 425.16 or whether the Uniform Single Publication Act

bars any of plaintiff's claims.