Filed 9/20/16  Nassiri v. Green Tree Servicing CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHRIS NASSIRI et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>GREEN TREE SERVICING, LLC,<br><br>    Defendant and Respondent. | 2d Civil No. B269582<br>(Super. Ct. No. 56-2014-00448803-CU-OR-VTA)<br>(Ventura County) |

Chris Nassiri and Kelly Nassiri appeal from a judgment entered in favor of Green Tree Servicing, LLC, respondent.  The trial court sustained, without leave to amend, respondent's demurrer to eight of nine causes of action in appellants' first amended complaint ("complaint").  It granted respondent's motion for summary judgment on the sole remaining cause of action.  Appellants do not contest the granting of the motion for summary judgment.  They argue that the trial court erroneously sustained the demurrer to three causes of action and abused its discretion in not permitting them to amend their complaint.  We affirm.

## *Facts*[1]

In 2004 appellants purchased a condominium in Simi Valley for $394,000.  In 2007 appellants executed a promissory note for $405,000.  The lender was America's

---

[1]     The facts are taken from the complaint.

Wholesale Lender, Inc.  The note was secured by a deed of trust on the condominium. Respondent is the "current servicer of the loan."

In October 2013 a notice of default and election to sell the condominium was recorded.  In January 2014 a notice of trustee's sale was recorded.  The sale was scheduled for February 20, 2014.

On February 13, 2014, appellants sent to respondent a loan modification application and requested that it postpone the sale date.  The sale was postponed.

On February 19, 2014, appellants "submitted a complete first lien loan modification application to [respondent]."  "On or about May 12, 2014, there was a scheduled sale date, but this was cancelled."

*Order Sustaining the Demurrer: Causes of Action at Issue*

Appellants challenge the sustaining of the demurrer to only three causes of action:  the fourth, fifth, and seventh.  The fourth cause of action alleged that, in violation of Civil Code section 2923.5, respondent had failed to "initiate contact with [appellants] prior to issuing the Notice of Default" and was not "willing to work with them in order to discuss [their] financial condition and the options available to avoid foreclosure."  The fifth cause of action alleged that respondent's conduct constitutes unfair and fraudulent business practices in violation of Business and Professions Code section 17200 et seq. The seventh cause of action alleged that respondent had negligently failed to properly process appellants' loan modification application.

*Standard of Review for Order Sustaining Demurrer*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.]  A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory.  [Citations.]"  (*Lee Newman*, *M.D.*, *Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.)

"[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ."  (*California Logistics*, *Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.)  "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied

2

or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95.)

*Burden on Appeal/Merits*

On appeal, "[t]he plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.]" (*Martin v. Bridgeport Community Assoc.*, *Inc.* (2009) 173 Cal.App.4th 1024, 1031; see also *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880 ["Cantu bears the burden of overcoming *all* of the legal grounds on which the trial court sustained the demurrers, i.e., all of the grounds raised in both demurrers"].)

*Appellants Have Failed to Carry Their Burden*

Appellants have failed to carry their burden "of showing that the facts pleaded [in the fourth, fifth, and seventh causes of action] are sufficient to establish every element" of these causes of action and of "overcoming all of the legal grounds on which the trial court sustained the demurrer." (*Martin v. Bridgeport Community Assoc.*, *Inc.*, *supra*, 173 Cal.App.4th at p. 1031.) As to the fourth cause of action, appellants do not specify the grounds on which the trial court sustained the demurrer. They merely contend that in the complaint they "set forth the relevant provision of the statute [Civil Code section 2923.5], and an allegation that [respondent] failed to perform its duty under the statute. [¶] Therefore, Appellants have adequately pled a claim for violation of . . . §2923.5." These conclusionary allegations, without any discussion of supporting facts, do not show that the facts pleaded are sufficient to withstand a demurrer. (See *People v. McKale* (1979) 25 Cal.3d 626, 635 ["Without supporting facts demonstrating the illegality of a [mobilehome park's] rule or regulation, an allegation that it is in violation of a specific statute is purely conclusionary and insufficient to withstand demurrer"]; *Ankeny v. Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531, 537 ["It is settled law that a pleading must allege facts and not conclusions"].)

3

The seventh cause of action was for negligence. "'[T]he well-known elements of any negligence cause of action [are] duty, breach of duty, proximate cause and damages. [Citations.]' [Citation.]" (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 526.) The complaint alleges that "as [a] loan servicer[] [respondent] owed a duty to [appellants] to review their loan modification application and make a determination with accurate information regarding the loan modification . . . ."[2] But "there is no description of any particular negligent acts or omissions which were allegedly the proximate cause of" appellants' damages. (*Id.*, at p. 527.) Appellants merely refer to respondent's "inability to process the application properly." This vague allegation is insufficient to state a cause of action for negligence. "Ordinarily, negligence may be alleged in general terms, without specific facts showing how the injury occurred, but there are 'limits to the generality with which a plaintiff is permitted to state his cause of action, and . . . the plaintiff must indicate the acts or omissions which are said to have been negligently performed. He may not recover upon the bare statement that the defendant's negligence has caused him injury.' [Citations.]" (*Ibid.*)

Moreover, appellants do not specify the grounds on which the trial court sustained the demurrer to the seventh cause of action for negligence; therefore, they cannot carry their burden of "overcoming all of the legal grounds on which the trial court sustained the demurrer." (*Martin v. Bridgeport Community Assoc., Inc.*, *supra*, 173 Cal.App.4th at p. 1031.)

Finally, appellants do not show that they were damaged by respondent's "inability to process the application properly." The complaint alleged that the sale date of their condominium was postponed and eventually "cancelled." It did not allege that appellants qualified for a loan modification so that, but for respondent's negligence, their application for a loan modification would have been approved.

---

[2] We need not, and therefore do not, consider respondent's claim that it did not owe such a duty of care to appellants.

4

The fifth cause of action was for unfair and fraudulent business practices in violation of Business and Professions Code section 17200 et seq.  Appellants assert that they "have alleged proscribed conduct through the other causes of action addressed above [the fourth and seventh causes of action] and incorporated by reference."  However, as previously discussed, the fourth and seventh causes of action are not sufficient to withstand a demurrer.  (See *Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 277 [cause of action for unfair business practices that is "derivative" of another cause of action "stands or falls with that underlying claim"].)  Furthermore, "[i]ncorporation by reference of the allegations of the complaint is an inadequate substitute for appellate argument." (*San Mateo County Coastal Landowners' Assn. v. County of San Mateo* (1995) 38 Cal.App.4th 523, 559.)  "'An appellant cannot rely on incorporation of trial court papers, but must tender arguments *in the appellate briefs*.' [Citation.]" (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 690, fn. 18.)

*Standard of Review for Order Sustaining*

*Demurrer Without Leave to Amend*

"'[I]f a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action. [Citation.]' [Citation.]" (*Das v. Bank of America*, *N.A.* (2010) 186 Cal.App.4th 727, 734.)  We review a denial of leave to amend for abuse of discretion. (*Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1020.)  "'It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment. [Citation.]' [Citation.]" (*Bank of America*, *N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1204.)

*Burden on Appeal/Amendment*

"'The plaintiff bears the burden of proving there is a reasonable possibility of amendment.' [Citation.]  To satisfy that burden, the plaintiff "'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.]  The assertion of an abstract right to amend does not satisfy

5

this burden. [Citation.] The plaintiff must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] . . . [¶] The burden of showing that a reasonable possibility exists that amendment can cure the defects remains with the plaintiff; neither the trial court nor this court will rewrite a complaint. [Citation.] Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend. [Citations.]' [Citation.]" (*Rosen v. St. Joseph Hospital* (2011) 193 Cal.App.4th 453, 458.)

### *Appellants Have Failed to Carry Their Burden*

Appellants claim that the trial court abused its discretion in refusing to permit them to file a second amended complaint adding causes of action for (1) "Cancellation Of Void Instruments For Lack of Capacity to Contract," (2) "Fraud," and (3) "Confirmation of Rescission Of Instruments Pursuant To The Federal Truth In Lending Act, 15 U.S.C. §§ 1601 et seq." These additional causes of action were allegedly justified because "Appellants had just learned that their original lender was supposedly 'America's Wholesale Lender, Inc., a New York Corporation', and that this entity was **not in fact incorporated** when the loan and deed of trust were entered into. As a result, **the entire loan transaction was void.**" Appellants argue that the trial court also abused its discretion in refusing to permit them "to amend their third cause of action to clarify that it was to be a claim for violation of *California Civil Code §2923.55(b)* against [respondent], and to state what documents [respondent] did and did not provide, and when."

Appellants have failed to carry their burden of showing an abuse of discretion because they have not "clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause[s] of action and [supporting] authority . . . ." (*Rosen v. St. Joseph Hospital*, *supra*,

6

193 Cal.App.4th at p. 458.) Nor have they "set forth factual allegations that sufficiently state all required elements of [the] cause[s] of action. [Citations.]" (*Ibid.*)

In any event, the proposed amendments concerning the original lender's failure to incorporate were unwarranted. The trial court judicially noticed that "America's Wholesale Lender" was the dba of Countrywide Home Loans, Inc. It is undisputed that Countrywide was a bona fide corporation. (See *Cleveland v. Johnson* (2012) 209 Cal.App.4th 1315, 1330 ["doing business under a fictitious business name does not create a separate legal entity"].)

Appellants maintain that the trial court abused its discretion in denying their request to amend the complaint "to add the current purported lender, The Bank of New York Mellon fka the Bank of New York." (Capitalization omitted.) Appellants do not explain how this amendment would enable them to state a cause of action against respondent.

### Disposition

The judgment is affirmed. Respondent shall recover its costs on appeal. NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

7

Kevin G. Denoce, Judge

Superior Court County of Ventura

_____

Stephen R. Golden & Associates, Stephen R. Golden, for Plaintiffs and Appellants.

Severson & Werson, Kerry W. Franich, Jan T. Chilton, for Defendant and Respondent.